(Reap. Dec. 10040)

VANDEGRIFT FORWARDING CO., INC. v. UNITED STATES

Entry No. 890488–1/2.

(Decided June 28, 1961)

*John D. Rode (Ellsworth F. Qualey of counsel) for the plaintiff.*

*William H. Orrick, Jr.*, Assistant Attorney General (*Samuel D. Spector*, trial attorney), for the defendant.

JOHNSON, Judge: The merchandise involved in this appeal for reappraisement consists of marble table tops and slabs, exported from Italy on or about February 23, 1957.

When this case was called for trial, it was submitted upon the following stipulation of counsel for the respective parties:

MR. QUALEY: * * *

The market value or the price at which such merchandise was freely offered for sale to all purchasers in the principal markets of Italy in the usual whole-sale quantities and in the ordinary course of trade for home consumption in Italy, including the cost of all containers and coverings of whatever nature, and all costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was the invoiced unit values net, plus 3 per centum;

That there was no higher export value for the merchandise on the date of exportation, as defined in Section 402 of the Tariff Act of 1930 as amended.

MR. SPECTOR: No objection.

JUDGE JOHNSON: You agree?

MR. SPECTOR: No objection.

MR. QUALEY: On the basis of that stipulation, your Honor, I rest and submit the case.

MR. SPECTOR: Government submits.

On the agreed facts, I find that foreign value, as that value is defined in section 402(c) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, is the proper basis for the determination of the value of the merchandise involved herein and that such value is the invoice unit values, net, plus 3 per centum.

Judgment will be rendered accordingly.